IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MANPRIT HOSPITALITY, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>COLUMBIA INSURANCE GROUP, )<br>)<br>Defendant. ) | Case No. 09-cv-0996-MJR-DGW |

MEMORANDUM AND ORDER

REAGAN, District Judge:

On October 30, 2009, Manprit Hospitality, LLC (doing business as "Quality Inn") filed a breach of contract suit against Columbia Insurance Group in the Circuit Court of St. Clair County, Illinois. Manprit alleged that Columbia insured against fire damage Manprit's real property at 2110 West Main Street in Belleville, Illinois, that the property was damaged in a fire in March 2007, that Manprit provided timely notice of the fire and resulting damages, that Manprit paid premiums and complied with all other terms of the policy, and that Columbia "refused to pay plaintiff which constitutes a breach of contract" (Doc. 2-1, p. 2). The state court complaint also contained claims for vexatious refusal (Count II) and interference with business opportunity (Count III). Manprit prayed for over $231,000 in damages on Count I, $60,000 on Count II, and $700,000 on Count III.

Served with the complaint on November 12, 2009, Columbia timely removed the action to this United States District Court on November 25, 2009, invoking subject matter jurisdiction under the federal diversity statute, 28 U.S.C. 1332. Section 1332 requires complete diversity of all parties plus an amount in dispute which exceeds $75,000, exclusive of interest and costs.

When a plaintiff sues in state court and the lawsuit is removed to federal court, the removing party bears the burden of establishing that federal jurisdiction lies, "and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." **Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 758 (7th Cir. 2009),** *citing* **28 U.S.C. § 1332, Poulos v. Naas Foods, Inc., 959 F.2d 69, 71 (7th Cir. 1992), Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806), and Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993).**

The case comes before the undersigned Judge on threshold jurisdictional review. Verifying the existence of subject matter jurisdiction is this Court's first essential task, as "it is always a federal court's responsibility to ensure that it has jurisdiction." **Hukic v. Aurora Loan Services, – F.3d –, 2009 WL 3878235, *3 (7th Cir. Nov. 20, 2009).** As the United States Court of Appeals for the Seventh Circuit reiterated last year:

> "The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of judicial power of the United States' and is 'inflexible and without exception.'" ... Indeed, "it is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the case."

**Scott Air Force Base Properties, LLC v. County of St. Clair, 548 F.3d 516, 520 (7th Cir. 2008),** *quoting* **Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998), Mansfield Ry. Co. v. Swan, 111 U.S. 379, 382 (1884), and Cook v. Winfrey, 141 F.3d 322, 325 (7th Cir. 1998).**

The removal notice falls short here. Although it contains necessary information regarding the amount in controversy, the notice fails to provide information

2

allowing this Court to ascertain that the parties are completely diverse.

Specifically, the removal notice identifies Plaintiff Manprit as an "Illinois corporation" with its principal place of business in Illinois. The complaint and caption, however, indicate that Manprit is a limited liability company (LLC) rather than a corporation. If this is true, Columbia's removal notice should have identified the citizenship of each member of the LLC. **See Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007); Belleville Catering Co. v. Champaign Market Place, LLC., 350 F.3d 691, 692 (7th Cir. 2003)(LLCs are *not* treated like corporations for diversity jurisdiction purposes; instead, LLCs are analogized to partnerships; so "limited liability companies are citizens of every state of which any member is a citizen").** Additionally, the removal notice suggests but does not plainly state where Defendant Columbia, a corporation, is *incorporated*. The notice states that Columbia has a principal place of business in Missouri and is "a foreign corporation organized and existing in the laws of the State of Missouri" (Doc. 2, p. 1).

So that jurisdiction can be confirmed (or revealed absent) from the get-go, the undersigned Judge **DIRECTS** Defendant Columbia – the party seeking this federal forum – to file an **Amended Removal Notice** supplying all necessary information as to the parties' citizenship, no later than **January 4, 2010**.

IT IS SO ORDERED.

DATED: December 2, 2009.

s/Michael J. Reagan  
Michael J. Reagan  
United States District Judge