IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MANPRIT HOSPITALITY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-cv-0996-MJR-DGW |
| | ) | |
| COLUMBIA INSURANCE GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

Memorandum and Order

REAGAN, District Judge:

Ten weeks ago, Defendant Columbia Insurance removed the above-captioned case from the Circuit Court of St. Clair County, Illinois to this federal District Court.  Shortly thereafter. Columbia answered two counts and moved to dismiss the third count of the Plaintiff's complaint.  The undersigned Judge solicited an amended removal notice from Columbia, so as to verify that federal subject matter jurisdiction lies over this action.  Columbia filed the amended removal notice on December 15, 2009, and the Court confirmed the existence of subject matter jurisdiction a week later.

On that same day, the undersigned Judge set a briefing schedule on the motion to dismiss Count III, the claim for interference with business opportunity – imposing a February 3, 2010 deadline for Plaintiff to respond thereto.  Well before that deadline, Plaintiff moved to voluntarily dismiss the case without prejudice under Federal Rule of Civil Procedure 41(a)(1). Columbia opposes Plaintiff's motion in a brief filed February 1, 2010.

Rule 41(a)(1) allows a Plaintiff to voluntarily dismiss a lawsuit **without a court order** either via notice (if no answer or summary judgment motion has been filed) or by stipulation signed by all parties who have appeared. Rule 41(a)(2) permits a Plaintiff to voluntarily dismiss a lawsuit **with a court order** on any terms "the court consider proper," with additional requirements triggered if the defendant pled a counterclaim *before being served* with the plaintiff's motion for voluntary dismissal.

In the instant case, Rule 41(a)(2) applies. No counterclaim was pled before Columbia Insurance was served with Plaintiff's motion to dismiss.[1] So Plaintiff may voluntarily dismiss the action without prejudice via court order incorporating any terms the undersigned Judge deems proper. A plaintiff seeking voluntary dismissal is *not required to accept* the conditions a court proposes as a prerequisite to Rule 41(a) dismissal. Rather, the plaintiff has the option to withdraw his motion for voluntary dismissal and proceed on the merits of the case, if he finds the district court's conditions too onerous. ***Mother & Father v. Cassidy,* 338 F.3d 704, 713 (7th Cir. 2003), *citing Marlow v. Winston & Strawn,* 19 F.3d at 300, 304 (7th Cir. 1994); *Chavez v. Ill. State Police,* 251 F.3d 612, 656 (7th Cir. 2001).**

---

[1]    Defendant Columbia Insurance sought leave to file a counterclaim on February 1st (well <u>after</u> the January 14th motion for voluntary dismissal had been served), and then relied on that pending motion to oppose Plaintiff's voluntary dismissal. *See* Docs. 14, 15, 17.

Here, the Court concludes that voluntary dismissal is appropriate, and no terms or conditions need be imposed to offset prejudice to Defendant. This is not a situation in which voluntary dismissal comes on the eve of trial or after years of discovery and motion practice, severely prejudicing the defendant and warranting the imposition of costs (and or attorney's fees) against plaintiff as a condition of dismissal.

On the contrary, this case is quite fresh.  The undersigned Judge only verified subject matter jurisdiction and tracked the case on December 23rd. Plaintiff sought voluntary dismissal just a few work days later, on the Monday immediately following the Christmas/New Year holiday (January 4, 2010). Nor does the Court find persuasive Defendant's argument for an award of fees and costs.

The $350 filing fee incurred by Defendant was the direct result of its decision to remove the case from Illinois state court.  The legal fees resulting from work on the motion to dismiss Count III were neither substantial nor likely wasted.  The motion to dismiss Count III may be re-filed wherever the case proceeds, if it is commenced again in state or federal court.  And the legal fees Defendant incurred in correcting its own defective removal notice (when ordered to amend the removal notice) were not attributable to – and are not properly assessed against – Plaintiff.

For all these reasons, and in the exercise of its sound discretion, the

Court **GRANTS** Plaintiff's motion for voluntary dismissal (Doc. 14) and **DISMISSES** this case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).  Under the case assignment procedures of this District (which discourage judge-shopping), if the case is re-filed in or re-removed to this Court, and if it is not randomly assigned to the undersigned Judge, it will be transferred to him as "related to" this now-dismissed action.

IT IS SO ORDERED.

DATED February 4, 2010.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge